WILSON TURNER KOSMO LLP
MARY P. SNYDER (211228)
MONNETT G. DE LA TORRE
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: msnyder@wilsonturnerkosmo.com
E-mail: mdelatorre@wilsonturnerkosmo.com

Attorneys for Defendant
SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HERRERA, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., a Tennessee Corporation; and DOES 1- 10, Inclusive,<br><br>Defendants. | Case No. 5:25-cv-373<br><br>**DEFENDANT SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. sections 1332(a)(1), 1441 (DIVERSITY)]**<br><br>[Removed from Riverside County Superior Court Case No. CVRI2407350]<br><br>Trial Date: Not Set<br><br>State Ct. Complaint Filed: December 30, 2024 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. sections 1332 and 1441(a) and (b), Defendant SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. (hereinafter "Defendant" or "Sedgwick") hereby removes this action from the Superior Court in the State of California, County of Riverside (the "Superior Court") to the United States District Court for the Central District of California, Eastern Division.

///

-1-   Case No.  5:25-cv-373

The following statement of grounds for removal is submitted pursuant to the provisions of Section 1446.

## I. STATEMENT OF JURISDICTION

1. The District Court has original jurisdiction under Section 1332(a)(1), and this case may be removed pursuant to Section 1441(a), because it is a civil action between "citizens of different States" wherein the amount placed in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

2. Jurisdiction over the action within the District Court is proper on the grounds herein described, and the action is timely and properly removed upon the filing of this Notice.

## II. PLEADINGS AND PROCESS

3. On December 30, 2024, Plaintiff Edward Herrera ("Plaintiff") filed a Complaint in the Superior Court for the State of California, County of Riverside, entitled *Edward Herrera v. Sedgwick Claims Management Services, Inc.*, Case No. CVRI2407350 (the "Action"). (Declaration of Mary P. Snyder in Support of Defendant Sedgwick Claims Management Services Inc.'s Removal of Action to Federal Court ["Snyder Decl."], ¶ 4.) True and correct copies of the Summons, Proof of Service of Summons for Sedgwick, Complaint, and Civil Case Cover Sheet are attached to the Snyder Declaration as Exhibit A. (*Id.*, Exhibit ["Exh."] A.) *See also* 28 U.S.C. § 1446(a) (requiring submission of all process, pleadings, and orders served upon a removing defendant).

4. In the Action, Plaintiff's complaint asserts seven (7) claims against Sedgwick under California law: (1) Disability Discrimination in Violation of the Fair Employment and Housing Act ("FEHA), Government Code § 12940(a); (2) Failure to Provide Reasonable Accommodation in Violation of FEHA, Government Code § 12940(m); (3) Failure to Engage in Interactive Process in Violation of FEHA, Government Code § 12940(n); (4) Wrongful Termination in Violation of Public

Policy; (5) Failure to Prevent Discrimination in Violation of FEHA, Government Code § 12940(k); (6) Interference and Retaliation in Violation of the Family Medical Leave Act ("FMLA")/California Family Rights Act ("CFRA"), Government Code § 12945.2; and (7) Failure to Pay All Wages Due Upon Separation in Violation of Labor Code §§ 201–203.

5. Plaintiff served the Summons and Complaint on Defendant on January 13, 2025. (Snyder Decl., ¶ 4, Exh. A [Proof of Service of Summons].)

6. Defendant's understanding is that no other parties have been named or served and no other party has appeared in the Action. (Snyder Decl., ¶ 5.) *See also* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action").

7. On February 6, 2025, Defendant timely filed and served its Answer to the Complaint in the Superior Court, a true and correct copy of which is attached to the Snyder Declaration as Exhibit B. (Snyder Decl., ¶ 5, Exh. B [Answer].)

8. Exhibits A and B to the Declaration of Mary P. Snyder, filed concurrently herewith, constitute all process and pleadings that have been filed in the Action as of the time of filing this Notice of Removal. (Snyder Decl., ¶ 6.)

## III. TIMELINESS OF REMOVAL

9. This Removal is being filed within thirty (30) days after Defendant was personally served with a copy of Plaintiff's Summons and Complaint on January 13, 2025 and within one (1) year of the commencement of the Action. (Snyder Decl., ¶ 4.) Accordingly, this Removal is timely within the time mandated by Section 1446(b)-(c) and the Federal Rules of Civil Procedure. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 355–56 (1999) (noting the time for removal is triggered by the actual service of the Complaint, rather than its receipt by other means); Fed. Rules Civ. Proc. 6(a).

///

///

## IV. VENUE

10. Venue is proper when an action is removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Plaintiff initially filed the Action in the Superior Court for the County of Riverside, which sits within the jurisdictional boundaries of the Central District of California, Eastern Division. 28 U.S.C. § 84(c).

11. Venue also is proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Here, Plaintiff alleges he resides in Riverside County, worked in Riverside County, and the "majority of all facts giving rise to the causes of action . . . arose in Riverside County, California." (*See* Snyder Decl., Exh. A [Complaint], at ¶¶ 1, 8.)

12. Accordingly, for purposes of this Removal, venue lies properly in this District Court.

## V. THE DISTRICT COURT MAY EXERCISE TRADITIONAL DIVERSITY JURISDICTION PURSUANT TO SECTION 1332(a)

13. This case meets the requirements of Section 1332(a) and may be removed pursuant to Section 1441 because it is a civil action: "between— (1) citizens of different States"; (2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1441.

### A. The Parties Are Citizens of Different States

14. Under the traditional diversity statute, provided the amount in controversy is established, the District Court "shall have original jurisdiction of all civil actions . . . between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

15. For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A plaintiff's place of residency is evidence of his domicile absent affirmative allegations to the contrary. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to

be his domicile until facts adduced establish the contrary.") (citations omitted); *Barrera v. W. United Ins. Co.*, 567 F. App'x 491, 492 n.1 (9th Cir. 2014) ("The place where a person lives is taken to be her domicile until facts adduced establish the contrary.") (quoting *Anderson v. Watt*, 138 U.S. 694, 706 (1891)).

16. Plaintiff concedes he resides in Riverside County, California. (Snyder Decl., Exh. A [Complaint], at ¶ 1.) Plaintiff's residence is *prima facie* evidence that he is domiciled in California for purposes of diversity. *State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (citations omitted); *see also Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (citation omitted); *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Plaintiff is therefore presumptively a citizen of California for the purpose of diversity jurisdiction. Plaintiff further alleges he worked in Riverside County, and the "majority of all facts giving rise to the causes of action . . . arose in Riverside County, California." (*See* Snyder Decl., Exh. A [Complaint], at ¶ 8.)

17. Sedgwick was, at the time this action was filed in state court, and still is, a corporation duly organized and existing under the laws of the State of Illinois. (Declaration of Doug Foster in Support of Defendant Sedgwick Claims Management Services Inc.'s Removal of Action to Federal Court ["Foster Decl."], ¶ 3; Snyder Decl., ¶ 7, Exh. C [CA Statement of Information].) Sedgwick's corporate headquarters are located in Memphis, Tennessee. (Foster Decl., ¶ 3.) Sedgwick's corporate headquarters are where the majority of executive and administrative functions are performed and where the majority of its corporate officers and executives are located. (*Id.*) Therefore, under the "nerve center" test, Sedgwick's principal place of business is in Tennessee. *See Hertz Corp. v. Friend*, 559 U.S. 77, 78, 93 (2010) (noting the nerve center will "normally be the place where the corporation maintains its headquarters"). Accordingly, Sedgwick is a citizen of Tennessee for the purpose of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

///

18. Plaintiff's complaint in the Action also names Does 1 through 10. (Snyder Decl., Exh. A [Complaint], at ¶¶ 5–7.) However, by statute, the citizenship of these fictitious defendants "shall be disregarded" for purposes of diversity jurisdiction. 28 U.S.C. § 1441(b)(1); *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989) ("Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction.").

19. Given that Plaintiff is a citizen of California, Sedgwick is not a citizen of California, and no other defendant exists for purposes of determining federal jurisdiction, the citizenship of the Parties is diverse pursuant to Section 1332(a)(1).

**B.    Plaintiff's Complaint Places More than $75,000 in Controversy**

20. Without admitting Plaintiff could recover damages, including any civil damages or statutory penalties, Sedgwick asserts that the amount in controversy in the Action exceeds $75,000, exclusive of interest and costs.

21. In cases in which the existence of diversity jurisdiction depends on the amount in controversy, a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Furthermore, for purpose of performing the amount in controversy analysis, District Courts must presume that a plaintiff will prevail on each and every one of their claims for relief. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (noting the amount in controversy analysis presumes that "'plaintiff prevails on liability'")).

22. "[C]alculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages, punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract." *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984, 986 (S.D. Cal. 2005) (citation omitted); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) (holding

attorney fees may be included in the amount in controversy when authorized by statute). Here, Plaintiff's causes of action and prayers for relief illustrate the reasonableness of Sedgwick's good faith belief that the amount in controversy in this Action exceeds $75,000.

23. Plaintiff's Complaint does not immediately place a firm dollar value on the amount of damages sought, however, the Civil Case Cover Sheet signed by Plaintiff's counsel asserts Plaintiff seeks monetary damages in excess of $35,000. (*See* Snyder Decl., Exh. A [Complaint].) Beyond that, although Plaintiff's Complaint does not specify the amount Plaintiff seeks to recover from Sedgwick in this Action, Plaintiff's Complaint evinces his desire to obtain a variety of damages, including but not limited to lost wages and lost future earnings, statutory penalties, emotional distress damages, liquidated damages, punitive damages, and attorneys' fees, the reasonable aggregate of which far exceed the $75,000 threshold justifying removal. (Snyder Decl., Exh. A [Complaint], at ¶¶ 19, 30–32, 39–40, 46–47, 52–53, 57–58, 64–65, 69–70, and Prayer for Relief ¶¶ 1–7.)

24. **Plaintiff's Alleged Past Lost Earnings Establish the Jurisdictional Minimum**. Plaintiff alleges claims under FEHA for disability discrimination. Under FEHA, a prevailing plaintiff is entitled to lost compensation, including fringe benefits, in the amount that he or she would have received but for the adverse employment action, less sums obtained through mitigation. *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal. 3d 176, 181 (1970).

25. <u>Back pay:</u> Plaintiff claims he began his employment at Sedgwick beginning June 4, 2004 (Snyder Decl., Exh. A [Complaint], ¶ 10.) Plaintiff alleges his employment was terminated by Sedgwick on July 29, 2022. (*Id.* at ¶ 14.) At the time of Plaintiff's alleged termination, he received a salary of $123,000 per year, which is equivalent to a weekly salary of roughly $2,365. (Foster Decl., ¶ 5.) Assuming Plaintiff seeks lost earnings from the date of termination to the date of this removal (approximately 130 weeks), Plaintiff seeks more than $307,450 in lost salary alone

(=$2,365/week x 130 weeks). *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (stating district courts rely on the general rule that lost wages in a wrongful termination case may reasonably be calculated from the date of termination to the date of removal). Thus, Plaintiff's alleged lost earnings from back pay exceed the jurisdictional minimum, definitively establishing the amount in controversy requirement.

26. *Additional Alleged Damages:* Plaintiff also alleges damages in addition to back pay, which brings the amount in controversy even higher. These alleged damages include front pay, waiting time penalties, and emotional distress damages. These together would bring the amount in controversy well-above the minimum jurisdictional amount of $75,000, even if the alleged lost earnings did not already do so (which of course, they do). *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)(allowing for emotional distress damages to be used for purposes of determining the amount in controversy); *Hankins v. American Medical Response Ambulance Service, Inc.*, No. 1:16-CV-01046-LJO-MJS, 2018 WL 339062, at *4 (E.D. Cal. Jan. 9, 2018) (citing *Sornia v. El Centro Elementary School District*, 285 Fed. App'x 337 (9th Cir. 2008) (affirming award of $400,000 in emotional distress damages and $32,500 in punitive damages in employment action alleging harassment)) (additional citations omitted).

27. *Attorneys' Fees:* Plaintiff also seeks attorneys' fees, which are recoverable by a prevailing plaintiff pursuant to FEHA. *See, e.g.*, Cal. Gov't Code § 12965(c)(6). Attorneys' fees through trial will certainly exceed the $75,000 jurisdictional minimum.

28. Taken together, the damages sought by Plaintiff, along with recoverable attorney fees, far exceeds the $75,000 threshold permitting removal.
///

## VI. ALL OTHER REQUIREMENTS FOR REMOVAL ARE MET

29. As required by Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1, Sedgwick is concurrently filing its Notice of Interested Parties.

30. Counsel for Sedgwick certifies that promptly after the filing of this removal, it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Riverside, and give notice of the same to Plaintiff. (Snyder Decl., ¶ 8.)

31. Should the propriety of removal be questioned, Sedgwick requests leave to conduct jurisdictional discovery and provide further evidence and argument in support of removal. *See Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

## VII. CONCLUSION

32. For the reasons set forth above, this Court has original jurisdiction over this action under 28 U.S.C. section 1332 and removal of this action is proper under 28 U.S.C. sections 1441 and 1446.

33. WHEREFORE, Sedgwick requests that the Court remove this Action from the Superior Court of California, County of Riverside, to this Court for all further proceedings.

Dated:   February 10, 2025         **WILSON TURNER KOSMO LLP**

By:   /s/ *Mary P. Snyder*
MARY P. SNYDER
MONNETT G. DE LA TORRE
Attorneys for Defendant
SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.

DEFENDANT SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S
NOTICE OF REMOVAL