LAUREL EMPLOYMENT LAW, APC
JOSHUA I. WHITE (278166)
SHARON A. RAMIREZ (322696)
808 Wilshire Blvd. Suite 200
Santa Monica, CA 90401
Tel: (323) 551-9221
E-mail: josh@laurelemploymentlaw.com
E-mail: sharon@laurelemploymentlaw.com

Attorneys for Plaintiff
EDWARD HERRERA

WILSON TURNER KOSMO LLP
MARY P. SNYDER (211228)
ANA R. HARTMAN (259399)
402 West Broadway, Suite 1600
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669
E-mail:  msnyder@wilsonturnerkosmo.com
E-mail:  ahartman@wilsonturnerkosmo.com

Attorneys for Defendant
SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HERRERA, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., a Tennessee Corporation; and DOES 1- 10, Inclusive,<br><br>Defendants. | Case No. 5:25-cv-00373-SSS (SHKx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge:  Hon. Sunshine Suzanne Sykes<br>Courtroom: 2<br><br>Magistrate: Hon. Shashi H. Kewalramani<br>Courtroom: 3 or 4<br><br>Trial Date:Not Set<br>Complaint Filed: December 30, 2024 |

## 1.    INTRODUCTION

   1.1    Purposes and Limitations.

   By Signing this protective order which has been made a condition of the discovery of certain designated information or documents by designating party (as

defined below) in this case, receiving party (as defined below) does not waive any of the protections and arguments regarding the enforceability and legality of this agreement outside of the discovery phase of the litigation in this case. By signing this stipulation, the receiving party does not admit that any of the yet unseen or produced documents are indeed "Confidential" or subject to being kept from the public record and this stipulation may not be used or admitted in any proceeding to determine whether or not the produced document meet the high standard of sealing them from the public record. The parties acknowledge that this stipulation is for discovery purposes only. Any request to seal records from public view must be made pursuant to the applicable legal authority by the party wishing to seal records from public view.

**No waiver of Objections:** By entering into this stipulation and Protective order for discovery, the parties are not waiving any right to object to the terms and conditions of this agreement at a later date. The purpose of the stipulation is to allow the parties to exchange certain information and documents during the discovery phase of the litigation only.

**Applicability of Order:** This Order does not and will not govern any trial proceedings in this Litigation, but will otherwise be applicable to and govern the handling of documents, depositions, deposition exhibits, responses to written discovery, medical examinations, subpoenas for medical records, the name, address and contact information including cell phone numbers for employees and witness, personnel files, financial and trade secret information of Defendant Sedgwick Claims Management Services, Inc. ("Defendant"), inter-corporate agreements, during the discovery phase in connection with this litigation.

1.2    <u>Good Cause</u>.

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from

use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating confidential business information belonging to third parties and privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Further this action involves Plaintiff's confidential and sensitive medical records. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

   1.3 <u>Acknowledgment of Procedure for Filing Under Seal</u>.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.** **<u>DEFINITIONS</u>**

   2.1 <u>Action</u>: this pending federal lawsuit.

   2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure, and as specified above in the Good Cause Statement.

2.4    Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    Final Disposition:  the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: "CONFIDENTIAL" Information or Items (as defined in 2.3 above) of which the disclosure to another Party or Non-Party would create a substantial risk of harm to the Producing Party, including without limitation, trade secrets, future business or marketing plans, sensitive financial information or forecasts, information about any party's supplier's or customers, sales volume, sales units, cost of goods, price structures, discounts, business costs, profit margins,

-4-    Case No. 5:25-cv-00373-SSS (SHKx)

technical documents, marketing strategies, and other information or items agreed upon by the parties or permitted by future court order.

2.10    In-House Counsel: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.13    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    Professional Vendors: persons or entities that provide litigation- support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of

Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Stipulated Protective Order does not govern the use of Protected Material at trial.

## 4. **TRIAL AND DURATION**

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

This Court will retain jurisdiction to enforce this Order after the conclusion of the Action.

## 5. **DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

For Medical records subpoenaed by any party: If any party subpoenas the medical records of another party, the documents shall be treated as Confidential under this Order. The parties may meet and confer if one party believes any document(s) produced should be de-designated as Confidential.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" ("CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("HIGHLY CONFIDENTIAL legend") to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIAL legend OR HIGHLY CONFIDENTIAL legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the

Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions (1) that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony; and/or (2) by written notice served on counsel of record in this Litigation within thirty (30) business days after the preparation of the draft of the transcript of such proceeding.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the CONFIDENTIAL or HIGHLY CONFIDENTIAL legend.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). If the party chooses to produce documents electronically, the documents the disclosing party deems to be confidential shall be produced separately and marked accordingly. If the producing party chooses to produce documents electronically, they shall be produced without restricting the receiving party's ability to access the documents. No expiring passwords or other methods of restricting access to the documents shall be used.

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

**<u>6</u>.** **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the court's Scheduling Order.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. and with Section IV et seq. of Judge Sykes' Civil Procedures titled "DISCOVERY."

6.3    <u>Burden</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

6.4    Except as expressly set forth herein, nothing in this provision shall limit the bases on which the Receiving Party may challenge the assertion of any privilege or protection by the Producing Party. In addition, nothing in this provision shall permit the Producing Party to seek to withhold or "claw back" a previously-produced document in this Litigation if that document was the subject of deposition testimony in this Litigation and the Producing Party did not provide notice, as described above, within twenty (20) days after the deposition that the document was privileged or protected.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of people and under the conditions described in this Order.  When the Action reaches a Final Disposition, a Receiving Party must comply with the provisions of section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the people authorized under this Stipulated Protective Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only:

(a) to the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) to the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) to Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) to the court and its personnel;

(e) to court reporters and their staff;

(f) to professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) to the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, to witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) to any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) to the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) to Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) to the court and its personnel;

(e) to court reporters and their staff;

(f) to professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) to the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4    Use of Artificial Intelligence tools with Confidential or Highly Confidential Information.

(a)  Any person or entity in possession of Confidential or Highly Confidential Information shall not submit such information to any Open Generative AI tool. An

-11-    Case No. 5:25-cv-00373-SSS (SHKx)
STIPULATED PROTECTIVE ORDER

Open Generative IT tool is one that is openly accessible to the public.  Examples include the public (or free) versions of ChatGPT, Stable Diffusion, Google's Gemini, Meta's Llama, and Hugging Face. Providing Confidential or Highly Confidential Information to an Open Generative AI tool is considered disclosure to a third party under the terms of this Order.

(b) Any person or entity in possession of Confidential or Highly Confidential Information may submit such information to a Closed Generative AI tool only if they do so consistent with this paragraph and its subparts. A Closed Generative AI tool is one with access restricted to employees or authorized users within the user's enterprise, such as a tool that the user owns or licenses or that is otherwise not available to the general public.  Any person or entity that submits any such Confidential or Highly Confidential Information to a Closed Generative AI tool must ensure the Generative AI tool's settings:

1.    Prevent it from disclosing Confidential or Highly Confidential Information to any third party, including without limitation other users or developers of the Generative AI tool;

2.    Prevent it from learning from the Confidential or Highly Confidential Information to fine-tune itself or for other purposes beyond the scope of the authorized use of Confidential or Highly Confidential Information as governed by this Order; and

3.    Allow for the deletion or destruction of any Confidential and Highly Confidential Information supplied to it or contained in responses generated by it.

(c) Providing Confidential or Highly Confidential Information to a Closed Generative AI tool that does not comply with the provisions of subpart (b) above is considered disclosure to a third party under the terms of this Order.

///

///

-12-    Case No. 5:25-cv-00373-SSS (SHKx)

STIPULATED PROTECTIVE ORDER

**8.    PRODUCED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1    <u>Application</u>.  The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2    <u>Notification</u>. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order here, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(b) make the information requested available for inspection by the Non-Party, if requested.

9.3    <u>Conditions of Production</u>. If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately:

(a) notify in writing the Designating Party of the unauthorized disclosures;

(b) use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## 11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

The production of privileged or work-product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

Nothing in this Stipulated Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

The inadvertent or unintentional disclosure by a Party or Non-Party of Disclosure or Discovery Material that it believes should have been designated as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," regardless of whether it was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Party's or Non-Party's claim of confidentiality, either as to the specific information disclosed or as to any other

information relating thereto or on the same or related subject matter, provided that the Party or Non-Party notifies the Receiving Party as soon as reasonably practicable after discovery of the inadvertent or unintentional failure to designate but in no event more than 14 business days. If a Party of Non-Party inadvertently or unintentionally produces or discloses Protected Material without designating it as such, the Party or Non-Party may give written notice to the Receiving Party or Parties that the Disclosure or Discovery Material is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and should be treated in accordance with the provisions of this Stipulated Protective order. The Receiving Party or Parties must treat such Disclosure or Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," from the date such notice is received. Disclosure of such Disclosure or Discovery material, prior to receipt of such notice, to persons not authorized to receive Protected Material shall not be deemed a violation of this Stipulated Protective Order; however, those persons to whom disclosure was made are to be advised that the Protected Material disclosed is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and must be treated in accordance with this Stipulated Protective Order.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence, insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12.    **MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>.  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the court in the future.

1    12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

2 Stipulated Protective Order no Party waives any right it otherwise would have to

3 object to disclosing or producing any information or item on any ground not addressed

4 in this Stipulated Protective Order.  Similarly, no Party waives any right to object on

5 any ground to use in evidence of any of the material covered by this Stipulated

6 Protective Order.

7    12.3    <u>Filing Protected Material</u>.  A Party that seeks to file under seal any

8 Protected Material must comply with Local Rule 79-5. Protected Material may only

9 be filed under seal pursuant to a court order authorizing the sealing of the specific

10 Protected Material at issue.  If a Party's request to file Protected Material under seal is

11 denied by the court, then the Receiving Party may file the information in the public

12 record unless otherwise instructed by the court.

13 **13.    <u>FINAL DISPOSITION</u>**

14    After the Final Disposition of this Action, as defined in paragraph

15 4, within 60 days of a written request by the Designating Party, each Receiving Party

16 must return all Protected Material to the Producing Party or destroy such material.  As

17 used in this subdivision, "all Protected Material" includes all copies, abstracts,

18 compilations, summaries, and any other format reproducing or capturing any of the

19 Protected Material, but does not include Protected Material that has been incorporated

20 into attorney work product.  Whether the Protected Material is returned or destroyed,

21 the Receiving Party must submit a written certification to the Producing Party (and, if

22 not the same person or entity, to the Designating Party) by the 60 day deadline that (1)

23 identifies (by category, where appropriate) all the Protected Material that was returned

24 or destroyed and (2) affirms that the Receiving Party has not retained any copies,

25 abstracts, compilations, summaries or any other format reproducing or capturing any

26 of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain

27 an archival copy of all pleadings, motion papers, trial, deposition, and hearing

28 transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

-17-    Case No. 5:25-cv-00373-SSS (SHKx)

STIPULATED PROTECTIVE ORDER

reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**14.    <u>VIOLATION</u>**

Any violation of this Stipulated Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**15.    <u>NO PREJUDICE</u>**

Agreeing to be bound by this Protective Order, agreeing to and/or producing or receiving Confidential Material or otherwise complying with the terms of this Order for discovery purposes shall not prejudice either parties right to object to any portion of this stipulation or the designation made by the other party. No parties waive any claim that this stipulation is void, unenforceable or in violation of public policy.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: September 30, 2025          **LAUREL EMPLOYMENT LAW**

By:    <u>/s/ *Sharon Ramirez*</u>
       JOSHUA I. WHITE
       SHARON RAMIREZ
       Attorneys for Plaintiff
       EDWARD HERRERA

Dated: September 30, 2025          **WILSON TURNER KOSMO LLP**

By:    <u>/s/ *Ana R. Hartman*</u>
       MARY P. SNYDER
       ANA R. HARTMAN
       Attorneys for Defendant
       SEDGWICK CLAIMS MANAGEMENT
       SERVICES, INC.

**ATTESTATION**

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: September 30, 2025                    /s/ *Ana R. Hartman*
                                                                Ana R. Hartman


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


DATED: October 2, 2025                    _____
                                                                MAGISTRATE JUDGE DAVID T. BRISTOW
                                                                UNITED STATES DISTRICT COURT

-19-    Case No. 5:25-cv-00373-SSS (SHKx)
STIPULATED PROTECTIVE ORDER

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type name] of

_____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Edward Herrera v. Sedgwick Claims Management Services, Inc.*, Case No. 5:25-cv-00373-SSS (SHKx).

[If applicable:]  I am engaged as a _____ [insert name of position] on behalf of _____ [insert name of party] in the preparation and conduct of this case.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

///

///

///

-20-    Case No. 5:25-cv-00373-SSS (SHKx)

STIPULATED PROTECTIVE ORDER

Date: _____

City and State where sworn

and signed: _____

Printed Name: _____

Signature:  _____

STIPULATED PROTECTIVE ORDER